## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

### COURT FILE NO.:

Cola Allen,
     Plaintiff,

v.

Capital One Bank (USA), N.A.,
Experian Information Solutions, Inc.
and Equifax Information Services, LLC,
     Defendants.

_____

### COMPLAINT AND JURY DEMAND
_____

### NATURE OF ACTION

1.　　Plaintiff Cola Allen ("Plaintiff"), brings this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* against Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Capital One Bank (USA), N.A. ("Capital One") (collectively, "Defendants").

### JURISDICTION, VENUE AND STANDING

1.　　Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

2.　　Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where Plaintiff resides in this district, and where Defendants transact business in this district.

3.　　"In determining whether an intangible harm constitutes injury in fact, both history and the judgment of Congress play important roles." *Spokeo, Inc. v. Robins*, 136

1

S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016), *as revised* (May 24, 2016). Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law.'" *Id.* (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

4.      "Congress's judgment in enacting the FCRA was to provide consumers a right to privacy. The plain language of the statute as well as the legislative history illustrate this intent." *Perrill v. Equifax Info. Services, LLC*, A-14-CA-612-SS, 2016 WL 4572212, at *3 (W.D. Tex. Aug. 31, 2016) (citing 15 U.S.C. § 1681(4)) ("There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy."); *Hawkins v. S2Verify,* No. C 15–03502 WHA, 2016 WL 3999458, at *5 (N.D. Cal. Jul. 26, 2016) ("[Under the FCRA], Congress decided to restrict access to information regarding arrests older than seven years, which bestowed a degree of privacy on that information.").

## THE FAIR CREDIT REPORTING ACT

5.      The FCRA was enacted by Congress to ensure fair and accurate credit reporting and to protect consumer privacy. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

6.      "The purpose of the FCRA is to assure consumers that reporting agencies use reasonable procedures for collecting, using, and disseminating information." *Acton v. Bank One Corp.*, 293 F. Supp. 2d 1092, 1097 (D. Ariz. 2003) (citing 15 U.S.C.A. § 1681(b)).

7.    "Section 1681s–2(b) does not impose an unduly burdensome investigation requirement on furnishers; rather, it presents them with a choice regarding how they handle disputed information." *Hinkle v. Midland Credit Mgmt., Inc.*, 827 F.3d 1295, 1303-05 (11th Cir. 2016).

8.    "The first option is to satisfy § 1681s–2(b) by conducting an investigation, verifying the disputed information, and reporting to the CRAs that the information has been verified. Verification might be accomplished by uncovering documentary evidence that is sufficient to prove that the information is true.  Or it might be accomplished by relying on personal knowledge sufficient to establish the truth of the information."  *Id.*

9.    "The FCRA provides for compensation in the form of actual damages and attorneys' fees if a consumer reporting agency negligently fails to comply with any provision of the FCRA. The FCRA also permits a consumer to recover punitive damages if the defendant's non-compliance with the Act was willful." *Id.* (quoting *Natale v. TRW, Inc.,* No. 97–3661, 1999 WL 179678, at *1 (N.D. Cal. Mar. 30, 1999)); *see also* 15 U.S.C. §§ 1681o, 1681n.

## PARTIES

2.    Plaintiff is a natural person residing in the State of Colorado, County of Douglas, and City of Highlands Ranch.

3.    Plaintiff is a "consumer" as defined by the 15 U.S.C. § 1681a(c).

4.    Experian is a for-profit corporation engaged in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of reporting or furnishing consumer reports to third parties.

5.      Experian uses a means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

6.      Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

7.      Equifax is a for-profit limited liability company engaged in the business of assembling or evaluating consumer credit information or other information on consumers for the purpose of reporting or furnishing consumer reports to third parties.

8.      Equifax uses a means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.

9.      Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

10.     Capital One uses a means or facility of interstate commerce for the purpose of furnishing information to consumer reporting agencies.

11.     Capital One is a "person" as defined by 15 U.S.C. § 1681a(c).

## FACTUAL ALLEGATIONS

12.     In or about January, 2011, Capital One filed a lawsuit against Plaintiff for an alleged debt (the "Account") in the Superior Court of Arizona, Yavapai County.

13.      Plaintiff and Capital One tried the case in an arbitration proceeding.

14.     On March 6, 2012, the arbitrator held that Plaintiff prevailed in his claims and dismissed Capital One's claim on the Account.

15.     On August 7, 2012, the Superior Court of Arizona filed an order in favor of Plaintiff.

16.     On or around January 2016, Plaintiff checked his credit report after receiving a 1099-C form from Capital One on the adjudicated Account and saw that all three major credit bureaus were reporting the Capital One Account on his credit report.

17.     On March 23, 2016, Plaintiff sent a letter to Experian disputing the accuracy of the Account as reported on Plaintiff's Experian credit report.

18.     A true and correct copy of Plaintiff's initial credit report information dispute letter which was sent to each of the credit reporting bureaus is attached to this complaint as Exhibit A.

19.     Plaintiff's dispute letter included an enclosed copy of the Superior Court of Arizona's order which found in Plaintiff's favor as proof that the Account should be deleted.  Exhibit A.

20.     Upon information and belief, Experian provided Capital One with notice of Plaintiff's dispute.

21.     On or about April 1, 2016, Experian responded to Plaintiff's dispute showing the investigation results as verified with no change.

22.     On March 23, 2016, Plaintiff sent a letter to Equifax disputing the accuracy of the Account as reported on Plaintiff's Equifax credit report.

23.     Plaintiff's letter to Equifax was materially identical to the letter attached as Exhibit A, including the enclosed court order.

24.     Upon information and belief, Equifax provided Capital One with notice of Plaintiff's dispute.

25.     On or about April 18, 2016, Equifax responded to Plaintiff's dispute showing the investigation results as verified with no change.

26.     On March 23, 2016, Plaintiff sent a letter to Trans Union disputing the accuracy of the Account as reported on Plaintiff's Trans Union credit report.

27.     Plaintiff's letter to Trans Union was materially identical to the letter attached as Exhibit A, including the enclosed court order.

28.     Upon information and belief, Trans Union provided Capital One with notice of Plaintiff's dispute.

29.     On or about March 31, 2016, Trans Union responded to Plaintiff's dispute by removing the Account from Plaintiff's credit report.

30.     On March 23, 2016, Plaintiff also sent a letter to Capital One with copies of the disputes that he had sent to the credit reporting agencies.

31.     Capital One did not remove the Account from Plaintiff's credit reports.

32.     On May 2, 2016, Plaintiff again disputed the Account on his credit report with Experian.

33.     A true and correct copy of Plaintiff's second dispute letter with Experian is attached to this complaint as Exhibit B.

34.     In addition to the court order, Plaintiff also attached a copy of the underlying complaint to provide further proof that Plaintiff did not owe anything on the Account. Exhibit B.

35.     Upon information and belief, Experian provided Capital One with notice of Plaintiff's dispute.

36.     On May 16, 2016, Experian responded to Plaintiff's dispute showing the investigation results as verified with no change.

37.     On May 2, 2016, Plaintiff again disputed the Account on his credit report with Equifax.

38.     A true and correct copy of Plaintiff's second dispute letter with Equifax is attached to this complaint as Exhibit C.

39.     Upon information and belief, Equifax provided Capital One with notice of Plaintiff's dispute.

40.     On May 21, 2016, Equifax responded to Plaintiff's dispute showing the investigation results as verified with no change.

41.     On May 28, 2016, Plaintiff sent a letter to Capital One requesting that they instruct Experian and Equifax to remove the Account from his credit reports.

42.     On June 6, 2016, Capital One responded to Plaintiff's request asking for further documentation.

43.     In response, Plaintiff sent Capital One documents requested by Capital One.

44.     Capital One did not remove the Account from Plaintiff's credit despite receiving documentation proving that it should be removed.

45.     Plaintiff continued to attempt to get Defendants to remove the Account from his credit report, including by filing complaints with the Consumer Financial Protection Bureau.

46.     Around October, 2016, Defendants finally removed the Account from Plaintiff's credit reports.

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1681e(b)**
**EXPERIAN**

47.     Plaintiff repeats and re-alleges each and every factual allegation above.

48.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

49.     As a result of Experian's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense disputing the incorrect reporting, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

50.     Experian's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681n.

51.     In the alternative, Experian's conduct, action(s), and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Experian violated  15 U.S.C. § 1681e(b);

b)  Awarding Plaintiff statutory or actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3) and 1681o(a);

8

    d)  Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

    e)  Awarding such other and further relief as the Court may deem proper.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1681i**
**EXPERIAN**

52.    Plaintiff repeats and re-alleges each and every factual allegation above.

53.    Experian violated 15 U.S.C. § 1681i by failing to correct inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by otherwise failing to comply with the procedures outlined in that section.

54.    As a result of Experian's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense disputing the incorrect reporting, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

55.    Experian's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681n.

56.    In the alternative, Experian's conduct, action(s), and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)  Adjudging that Experian violated  15 U.S.C. § 1681i;

    b)  Awarding Plaintiff statutory or actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

9

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3) and 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1681e(b)
## EQUIFAX

57. Plaintiff repeats and re-alleges each and every factual allegation above.

58. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning Plaintiff.

59. As a result of Equifax's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense disputing the incorrect reporting, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

60. Equifax's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681n.

61. In the alternative, Equifax's conduct, action(s), and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Equifax violated  15 U.S.C. § 1681e(b);

b) Awarding Plaintiff statutory or actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3) and 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem proper.

### COUNT IV
### VIOLATION OF 15 U.S.C. § 1681i
### EQUIFAX

62.     Plaintiff repeats and re-alleges each and every factual allegation above.

63.     Equifax violated 15 U.S.C. § 1681i by failing to correct inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies, by failing to conduct a lawful reinvestigation, and by otherwise failing to comply with the procedures outlined in that section.

64.     As a result of Equifax's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense disputing the incorrect reporting, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

65.     Equifax's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681n.

66.     In the alternative, Equifax's conduct, action(s), and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Equifax violated  15 U.S.C. § 1681i;

b) Awarding Plaintiff statutory or actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3) and 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1681s-2(b)
## CAPITAL ONE

67.     Plaintiff repeats and re-alleges each and every factual allegation above.

68.     Capital One violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the reporting of inaccurate information about Plaintiff to consumer reporting agencies, by failing to review all relevant information regarding the same, and by failing to appropriately respond to the consumer reporting agency.

69.     As a result of Capital One's conduct as described herein, Plaintiff has suffered damages including, but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, time and expense disputing the incorrect reporting, humiliation and embarrassment of credit denials, and mental and emotional pain and anguish.

70.     Capital One's conduct, actions, and/or inaction was willful, rendering it liable to Plaintiff for damages pursuant to 15 U.S.C. § 1681n.

71.     In the alternative, Capital One's conduct, action(s), and/or inaction was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)  Adjudging that Capital One violated 15 U.S.C. § 1681s-2(b);

b)  Awarding Plaintiff statutory or actual damages, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

c)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a);

d)  Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e)  Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

72.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: August 31, 2017

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com

s/ Joseph Panvini
Joseph Panvini (028359)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8875

13

866-317-2674 facsimile
jpanvini@consumerlawinfo.com

Attorneys for Plaintiff

14